# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| ROSE WOODS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 18-CV-327-TCK-JFJ |
| ROSS DRESS FOR LESS, INC., a foreign corporation; and | ) |
| MEGAN BUTLER, an individual, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Rose Woods' Motion to Remand (Doc. 11).

On May 23, 2018, Plaintiff filed suit in Tulsa County District Court against Ross Dress for Less, Inc. ("Ross") and Megan Butler, the store manager of the Ross Dress for Less retail facility located at 1532 E. Hillside Drive in Broken Arrow, Oklahoma. (Doc. 2-1, Petition for Negligence, Case No. CJ-2018-2181). In her Petition, Plaintiff stated that she is a resident of Rogers County, Oklahoma; Ross is a foreign corporation; and Butler was the store manager of the Ross Dress for Less retail facility. *Id.*, ¶3. The Petition alleges that on October 21, 2107, Plaintiff was entering the store as a business invitee when a "for hire" sign placed on the outdoor walkway by Ross caused her to fall, resulting in serious and permanent injuries. *Id.*, ¶6. Plaintiff contends the Defendants knew or should have known that the sign was improperly placed, making it hazardous to the public, but failed to warn her that the sign was not properly secured. *Id.*, ¶¶ 7-10. She seeks actual damages in excess of $75,000 and punitive damages. *Id.*, ¶¶12-13.

On May 25, 2018, Ross was served with a copy of the Summons and Petition via certified mail. (Doc. 2-2). On June 22, 2018, Ross filed its Notice of Removal, removing this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 on the grounds of diversity jurisdiction. (Doc. 2).

At the time the case was removed, Plaintiff had not served Butler. (Doc. 3).[1]

Citing 28 U.S. § 1441(a)(2), Plaintiff argues that diversity of citizenship was lacking because Butler is an Oklahoma citizen, and therefore the case was improperly removed. (Doc. 11 at 2). Section 1441(a)(2)—also known as the "forum defendant rule"—states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought. (emphasis added).

In *Magallan v. Zurich American Ins. Co.*, 228 F. Supp.3d 1257, 1259-60 (N.D. Okla. Jan. 11, 2017) the Court acknowledged that "[f]ederal courts are split as to the meaning of 'joined and served,'" with some holding that a state-filed case is not removeable to federal court whether or not the nondiverse defendant has been served, and others holding that the case is removable if the nondiverse defendant has not yet been served. However, citing the maxim that "[i]f possible, courts should give effect to every clause and word in a statute," the Court stated: "[I]n interpreting § 1441(b), "served" should be given meaning, and the most natural reading of 'properly joined and served' is that the forum defendant rule applies only to defendants who have been properly joined and served." *Id.*

The Court in *Magallan* also considered the absurdity doctrine, which is "an exception to the rule that the plain and ordinary meaning of a statute controls." *Id.* at 1261. "Under the doctrine,

---

[1] It appears, based on the docket sheet, that Butler still has not been served.

2

'interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.'" *Id.* The Court acknowledged that "a strict reading of § 1441 may lead to absurd results in some cases," but concluded that was not so in the case before the court. *Id.* It noted that the majority of courts that have found a strict construction of § 1441(b) leads to absurd results have done so in cases where *no* defendant had been served and/or the *forum* defendant removed the case, and it pointed out that the plaintiff in the pending case had a month to serve the forum defendant after she filed suit and before the nonforum defendant removed the case. *Id.* at 1262.

In this case, as in *Magallan*, Ross waited nearly a month after it had been served before it removed the case to this court. During that time, Plaintiff did not have summons issued or attempt to serve the nonforum defendant. Accordingly, the absurdity doctrine is inapplicable here.

The Court concludes that because no "properly joined and served" defendant was a resident of Oklahoma at the time of removal, Ross's removal was proper under 28 U.S.C. §§ 1332(a) and 1441.

Accordingly, plaintiff's Motion to Remand (Doc.11) is denied.

ENTERED this 27th day November, 2018.

TERENCE C. KERN
United States District Judge