# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROSE WOODS, )
        Plaintiff, )
)
v. )
)
ROSS DRESS FOR LESS, INC. a foreign )   Case No. 18-CV-327-TCK-JFJ
Corporation; and )
)
MEGAN BUTLER, an individual,[1] )
)
        Defendants, )

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment filed by defendant Ross Dress for Less, Inc. ("Ross"). Doc. 27. Ross seeks summary judgment against Plaintiff, Rose Woods, on her premises liability claim against it.

### I. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party opposing a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party opposing a motion for summary judgment must also

---

[1] Although Megan Butler was named as a defendant, she was never served.

make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

A movant that "will not bear the burden of persuasion at trial need not negate the nonmovant' claim, "but may "simply . . . point[] out to the court a lack of evidence for th nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal citations omitted). If the movant makes this prima facie showing, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)). "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. The mere possibility that a factual dispute may exit, without more, is not sufficient to overcome convincing presentation by the moving party." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (internal citations omitted).

**II.   Material Facts**

Plaintiff alleges that on October 21, 2017, she was entering the premises as a business invitee when a "for hire" sign placed in the outdoor walkway by Ross caused her to fall, resulting in serious and permanent injuries. She contends:

- Ross knew or should have known that the sign was improperly placed, making it hazardous to the public, including Plaintiff;

- Ross failed to warn her that the sign was improperly placed, making it hazardous to the public;

- Ross knew or should have known that by placing the sign in its location, it was foreseeable that Plaintiff and others could be harmed;

2

- Ross, through its employees, failed or refused to maintain the premises in a safe condition necessary to protect the public and invitees, such as Plaintiff; and

- The actions or inactions by Ross were in reckless disregard for the safety of others, including Plaintiff, warranting an award of punitive damages against Defendants.

Doc. 27, Statement of Fact 1.

Surveillance video of the incident shows that the sign, which is blue and white, was clearly visible on the walkway in front of the store, and in the seven to eight minutes before Plaintiff's fall, some 58 shoppers saw the sign and avoided it without incident. Doc. 27, Ex. 2.[2] Plaintiff testified that she did not see the sign before she fell, and the only thing preventing her from seeing it was that she was "looking up to see where the entrance was, that was the only thing that I could say." Ex. 3, Woods Dep. at 123:1-10. Plaintiff also testified that she was "window shopping" and not looking for the Ross door as she approached the door and the sign. *Id.* at 132:1-7. The surveillance video confirms her testimony. Ex. 2, Surveillance Video at 7:30.

Megan Butler, the Ross store manager on duty at the time of the incident, testified that she had put the sign out every morning from October 1 through October 21, 2017, and that it was taken down every night when the store was closed. Doc. 27, Ex. 6, Butler Dep. at 37:11-38:13. Before the accident giving rise to this suit, she had never seen the sign lying flat on the ground. *Id.* at 40:22-24.

For purposes of summary judgment, Ross does not dispute that Plaintiff was an invitee to the Ross store at the time the incident occurred. Doc. 27 at 10.

---

[2] At 30 seconds into the video, a woman pursuing a small child who had escaped from the store, backs into the sign without having seen it, and at 6:06, a man leaving Ross steps on top of the sign, then turns around to look at it. *Id.* Although the footage is not entirely clear, when he stepped on the sign, the man appears to have been looking at something he was holding in his hand. *Id.*

3

**III. Analysis**

Because this case is before the Court pursuant to the Court's diversity jurisdiction, Plaintiff's claims are governed by Oklahoma law. *See Martinez v. Angel Expl.,* LLC, 78 F.3d 968, 973) (10th Cir. 2015) (internal citations omitted).

Though the nature of a defendant's duty varies with the plaintiff's status on the property in question, in this case it is undisputed that Plaintiff was an invitee at the time she attempted to enter the Ross store. *See Brown v. Nicholson*, 935 P.23 319, 321 (Okla. 1997) (describing duties owed to licensees and invitees). Oklahoma premises liability law provides that a business owner such as Ross "owes a duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner." *Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 91, 893 (Okla. 1996).

To establish that an owner breached its duty to warn of a hidden danger, a plaintiff must present evidence that the owner knew or should have known of the dangerous condition in sufficient time to warn of or remove the peril, but failed to do so. *See Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979); *Williams v. Safeway Stores, Inc.*, 515 P.2d 223, 225 (Okla. 1973) (inferring constructive knowledge of a dangerous condition if the condition had existed for enough time that it was an owner's duty to know of it). In this case, the undisputed facts establish that the sign had never fallen over before and the store manager was unaware it had fallen that morning.

Moreover, although "[a] business invitor has a duty to exercise reasonable care to prevent injury to an invitee," the invitor "owes no duty to protect against hazards that are open and obvious." *Dover v. W.H. Braum, Inc.*, 111 P.3d 243, 2465 (Okla. 2005) (citing *Williams v. Tulsa Motels*, 958 P.2d 1282, 1284 (Okla. 1998). "[T]he invitor is not a guarantor of the safety of its

4

invitees," and "[i]f the hazard causing the fall was known or should have been observed by the invitee, the invitor has no duty to alter its premises or to warn." *Id.* (citing *Buck v. Del City Apartments, Inc.*, 431 P.2d 360, 365 (Okla. 1967)). *See also Nicholson v. Tacker*, 512 P.2d 156, 159 (Okla. 1973) ("There is no duty to warn the invitee of any danger or defect thereon which is as well-known to the invitee as to the owner or occupant or which is obvious or which should be observed by the invitee in the exercise of ordinary care."). Put another way, "[t]he presence of an open and obvious danger is akin to the defendant nailing a 'Danger' sign on the premises." *Id.*

Citing *Zagal v. Truckstops Co. of America*, 948 P.2d 273 (Okla. 1997), Plaintiff argues that the fact that an object is observable does not transform it into an open and obvious danger as a matter of law. However, the facts in *Zagal* are distinguishable from the facts of this case. There, the plaintiff went inside a truck stop, turned a corner to walk down an aisle, and immediately tripped over a cardboard box on the floor, and the plaintiff argued the box was "concealed, or [at] least partially concealed by the shelves containing merchandise." *Id.* at 274. Here, no such argument can be made because the sign was clearly visible on the sidewalk, and was not obstructed by shelves or any other objects.

The undisputed facts establish that the sign was an open and obvious hazard that Plaintiff, in the exercise of ordinary care, could have avoided, and that Plaintiff failed to observe it because she was looking up at the store windows and/or door. Accordingly, Ross is entitled to summary judgment against Plaintiff on her negligence claim.

### IV. Conclusion

For the reasons set forth above, Ross's Motion for Summary Judgment [Doc. 27] is granted.

ENTERED this 11th day of September, 2019.

*[signature]*
TERENCE C. KERN
United States District Judge